UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00307-BR

| | |
|---|---|
| SANDRA KAY NELSON, | ) |
|       Plaintiff, | ) |
| v. | )    ORDER |
| NATIONSTAR MORTGAGE LLC, | ) |
| U.S. BANK NATIONAL ASSOCIATION | ) |
| AS INDENTURE TRUSTEE FOR | ) |
| SPRINGLEAF MORTGAGE LOAN | ) |
| TRUST 2013-2, and GRADY I. INGLE | ) |
| and ELIZABETH B. ELLS, in their | ) |
| capacity as Substitute Trustee, | ) |
|       Defendants. | ) |

This matter is before the court on the 3 October 2016 motion to dismiss filed by defendants Nationstar Mortgage LLC ("Nationstar") and U.S. Bank National Association, as Indenture Trustee for Springleaf Mortgage Loan Trust 2013-2 ("U.S. Bank") (collectively "defendants"). (DE # 18.) Plaintiff filed a memorandum in opposition on 27 October 2016. (DE # 21). Defendants did not file a reply brief, and the time within which to do so has expired. This matter is therefore ripe for disposition.

**I. FACTS**

This case concerns foreclosure proceedings involving a house ("the Property") that was purchased by plaintiff's deceased father, Danny Chambers, in Jacksonville, North Carolina. Plaintiff lived at the Property with Chambers, along with her husband, daughter, and brother. (Am. Compl., DE # 16, ¶ 11.) In August 2007, Chambers refinanced the mortgage on the Property and executed a promissory note to Equity One, Incorporated d/b/a Equity One

Mortgage Services, Inc. in the amount of $24,581.41.  (Id. ¶¶ 8-10; see also Ex. 1, DE # 16-1, at 3.)  The mortgage loan was initially serviced by Springleaf Financial Services ("Springleaf").  (Am. Compl., DE # 16, ¶ 13.)  Chambers designated plaintiff as an authorized third party on the account, and she would occasionally make mortgage payments for her father.  (Id. ¶¶ 12-13.)

On 8 March 2010, Chambers passed away.  (Id. ¶ 14.)  Plaintiff and her three siblings thereafter became co-owners of the Property through intestate succession.  (Id. ¶ 1.)  Following Chambers's death, plaintiff continued to make mortgage payments on the account and continued communicating with Springleaf about the account.  (Id. ¶ 15.)  At some point, plaintiff fell behind on the mortgage payments.  (Id. ¶ 16.)  Plaintiff eventually sent in $2,000 to Springleaf on 5 August 2014.  (Id.)  Based on the records from Springleaf, this payment brought the account current through the August 2014 payment.  (Id.)

On 16 September 2014, Springleaf sent a letter addressed to Chambers to the Property advising him that Nationstar would become the servicer of the loan effective 1 October 2014.  (Id. ¶ 17; see also Ex. 2, DE # 16-2.)  Plaintiff alleges that Nationstar refused to communicate with her or accept payments from her upon learning of Chambers's death.  (Am. Compl, DE # 16, ¶¶ 21-26.)  She further alleges that Nationstar has prevented her from assuming the loan through loss mitigation procedures.  (Id. ¶¶ 47-50.)

In 2015, defendants initiated foreclosure proceedings in the North Carolina Superior Court, Onslow County, seeking to enforce the power of sale in the deed of trust for the mortgage loan.  (Id. ¶¶ 1, 33-34.)  On 9 June 2016, the Assistant Clerk of Court for Onslow County entered an order authorizing foreclosure.  (Id. ¶ 56.)  Plaintiff filed a notice of appeal on 15 June 2016, and subsequently paid a bond to stay the foreclosure pending appeal.  (Id. ¶¶ 57-58.)

On 27 July 2016, plaintiff commenced this action in the North Carolina Superior Court, Onslow County. (See Ex. 1, DE # 1-1.) On 25 August 2016, defendants removed the action to this court based on federal question jurisdiction and supplemental jurisdiction. (DE # 1.) On that same day, defendants filed a motion to dismiss plaintiff's complaint. (DE # 3.) On 19 September 2016, plaintiff filed an amended complaint, alleging six counts. (DE # 16.) Counts two and three allege violations of the Garn-St. Germain Depository Institutions Act of 1982 ("Garn-St. Germain Act"), 12 U.S.C. § 1701j-3, and the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Id.) The remaining counts allege the following state law claims: violation of the North Carolina Mortgage Debt Collection and Servicing Act, N.C. Gen. Stat. § 45-90 et seq. (count one); violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq. (count four); declaratory relief (count five); and injunctive relief (count six). (Id.) On 3 October 2016, defendants filed the instant motion to dismiss plaintiff's complaint. (DE #18).

## II. ANALYSIS

Defendants move to dismiss plaintiff's complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that plaintiff lacks standing to assert her various mortgage-related claims, and that she has otherwise failed to set forth any claim upon which relief can be granted. (Defs.' Mem. in Support, DE # 19, at 2.)

**A. Standard of Review**

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009).  In reviewing a motion to dismiss, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff."  Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

The pleading standard set forth in Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Iqbal, 556 U.S at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Therefore, while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (citing Twombly, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,' as required by Rule 8 . . ."  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

**B.  Federal Claims**

In count two of her amended complaint, plaintiff asserts that defendants violated the Garn-St. Germain Act by accelerating the debt after learning of Chambers's death and the transfer of the Property to his children.  (Am. Compl., DE # 16, ¶¶ 68-72.)  Defendants argue that this claim should be dismissed because the Garn-St. Germain Act does not provide a private right of action.  (Defs.' Mem. in Support, DE # 19, at 6.)

4

The Garn-St. Germain Act supplants state laws concerning due-on-sale clauses with a federal law that permits enforcement of the clauses. Dupuis v. Yorkville Fed. Sav. & Loan Ass'n, 589 F. Supp. 820, 823 (S.D.N.Y. 1984). Plaintiff seeks relief under an exception to this statute, 12 U.S.C. § 1701j-3(d)(3), which provides that a creditor may not enforce a due-on-sale clause upon "a transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety." (Am. Compl., DE # 16, ¶ 69.) However, as defendants note, the Garn-St. Germain Act does not create a cause of action for damages. See Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) ("'[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'") (quoting Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979)); Dupuis, 589 F. Supp. at 823 (holding that the Garn-St. Germain Act does not create a private right of action for damages); Turman v. Wells Fargo Bank, N.A., No. 3:15-CV-1119, 2016 WL 5467947 at *3 (M.D. Tenn. Sept. 29, 2016) (dismissing plaintiff's complaint alleging violations of 12 U.S.C. § 1701 because "[s]ection 1701j-3, upon which [p]laintiff relies, does not provide her with a private right of action"). Accordingly, plaintiff's claim under this statute must be dismissed for failure to state a claim upon which relief can be granted.

Count three of plaintiff's amended complaint is based on defendants' alleged failure to adhere to the loss mitigation procedures set forth in RESPA and its implementing regulation, 12 CFR § 1024 et seq. ("Regulation X"). (Am. Compl., DE # 16, ¶¶ 73-80.) In moving to dismiss this claim, defendants argue that plaintiff lacks standing because she is not a borrower in this action. (Defs.' Mem. in Support, DE # 19, at 7-8.)

"RESPA is a consumer protection statute that regulates the real estate settlement process [by placing various obligations on mortgage servicers]." Hardy v. Regions Mortg., Inc., 449

5

F.3d 1357, 1359 (11th Cir. 2006) (citing 12 U.S.C. § 2601(a)). Regulation X provides that "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))." 12 C.F.R. § 1024.41(a). Pursuant to 12 U.S.C. § 2605(f) of RESPA, "[w]hoever fails to comply with any provision of this section shall be liable to the borrower." "Thus, a defendant's liability in a civil action under RESPA is limited to borrowers." Correa v. BAC Home Loans Servicing LP, 853 F. Supp. 2d 1203, 1207 (M.D. Fla. 2012); see also Leblow v. BAC Home Loans Servicing, LP, No. 1:12-cv-00246-MR-DLH, 2013 WL 2317726, at *7 (W.D.N.C. May 28, 2013) ("Pursuant to the express language of the statute, civil liability under RESPA is limited to borrowers.") (citations omitted).

A number of federal courts have held that only individuals who execute the promissory note are "borrowers" with standing to bring a RESPA claim. See Correa, 853 F. Supp. 2d at 1207 (rejecting plaintiff's argument that his payment of the down payment for the mortgage and note transaction made him a borrower with legal rights under RESPA where he did not sign either the note or the mortgage); Green v. Cent. Mort. Co., No. 14-cv-04281-LB, 2015 WL 5157479, at *5 (N.D. Cal. Sept. 2, 2015) (finding that plaintiff, who obtained property subject to mortgage as a result of her parents' death, did not become a borrower under RESPA simply upon obtaining title to the property); Leblow, 2013 WL 2317726, at *7 (concluding that plaintiff was not a borrower because he did not sign the promissory note and was not a party to the loan, and that plaintiff's wife was the only borrower on the loan at issue); Mitchell v. Mort. Elec. Registration Sys., Inc., No. 1:11-CV-425, 2012 WL 1094671, at *2 (W.D. Mich. Mar. 30, 2012) (holding that plaintiff, who was not a signatory to the mortgage and note at issue, was not a borrower with standing to bring claims under RESPA); see also Johnson v. Ocwen Loan

6

Servicing, 374 F. App'x 868, 873-74 (11th Cir. 2010) (affirming the district court's dismissal of plaintiff's RESPA claim because she was not a borrower or otherwise obligated on the loan). Because plaintiff did not sign the promissory note and has not assumed the loan, she is not a borrower under RESPA. Accordingly, plaintiff lacks standing to assert a RESPA claim, and this claim must be dismissed.

Plaintiff's remaining claims all arise under North Carolina law. Having dismissed plaintiff's federal claims over which it has original jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (holding a district court's power to remand pendent state law claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)); see also 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it has dismissed all claims over which it has original jurisdiction). Accordingly, plaintiff's remaining state law claims will be remanded.

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss is GRANTED as to plaintiff's claims under RESPA and the Garn-St. Germain Act. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and this matter is REMANDED to the Superior Court of North Carolina, Onslow County for further proceedings.

This 28 March 2017.

                                        W. Earl Britt
                                        Senior U.S. District Judge